IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE HAYNES,

    Petitioner,                             No. CIV S-07-0484 LKK DAD P

    vs.

THOMAS L. CAREY,                      ORDER AND

    Respondent.                        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On June 19, 2007, the undersigned ordered respondent to serve a response to the petition. On July 18, 2007, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d). On August 2, 2007, petitioner filed a timely opposition to respondent's motion to dismiss.

/////

/////

---

[1] Petitioner has two petitions for writ of habeas corpus pending before the court in which he is challenging two separate convictions. In this case, petitioner challenges a Placer County conviction. In the other case, petitioner challenges a San Joaquin County conviction. See Haynes v. Carey, No. CIV S-06-2767 LKK DAD P.

1

## BACKGROUND

Petitioner challenges a judgment of conviction entered in the Placer County Superior Court on April 3, 2001. (Docs. Lodged by Resp't Aug. 3, 2007, Doc. 1.) Following a jury trial, petitioner was convicted of 10 counts of second degree robbery and five counts of attempted second degree robbery. (Id., Doc. 1 & 2.) As a result of his conviction in Placer County and in San Joaquin County for similar crimes, petitioner received a total state prison sentence in excess of 55 years. (Id.) On February 27, 2004, the California Court of Appeal affirmed petitioner's Placer County conviction on appeal. (Id., Doc. 2.) On May 12, 2004, the California Supreme Court denied his petition for review. (Id., Doc. 4.)

Petitioner filed three state collateral challenges to his judgment of conviction. On April 8, 2005, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court. (Docs. Lodged by Resp't Aug. 3, 2007, Docs. 5.) On April 28, 2005, the Superior Court denied the petition on the merits. (Id., Doc. 6.) On October 14, 2005, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (Id., Doc. 7.) On January 12, 2006, the Court of Appeal summarily denied the petition. (Id., Doc. 8.) Finally, on March 24, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Doc. 9.) On November 29, 2006, the California Supreme Court summarily denied that petition. (Id., Doc. 10.) Petitioner filed this federal habeas action on February 16, 2007.

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss on the grounds that the petition pending before the court is time-barred. Respondent contends that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to petitioner's February 16, 2007 petition. (Resp't's Mot. to Dismiss at 3.) Respondent argues that petitioner filed his federal petition for writ of habeas corpus beyond the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1) & (2).

/////

(Resp't's Mot. to Dismiss at 1.)  Accordingly, respondent contends that the court should dismiss this action with prejudice.  (Resp't's Mot. to Dismiss at 6.)

On May 12, 2004, the California Supreme Court denied petitioner's petition for review.  (Resp't's Mot. to Dismiss at 3; Lodged Doc. 4.)  Respondent contends that petitioner's judgment of conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired 90 days later, on August 10, 2004.  The one-year statute of limitations period began running the following day, on August 11, 2004.  Respondent contends that the last day for petitioner to file a federal habeas petition was on August 10, 2005, plus any time for tolling.  (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that proper filing of a state post-conviction application with respect to the challenged judgment of conviction tolls the one-year statute of limitations period.  (Resp't's Mot. to Dismiss at 3.)  Respondent argues that 241 days elapsed before petitioner filed his first petition for writ of habeas corpus with the Placer County Superior Court.  (Resp't's Mot. to Dismiss at 3-4.)  Respondent concedes that petitioner is entitled to tolling from the period of April 8, 2005, the date the petitioner filed his first petition with the Placer County Superior Court, through April 28, 2005, the date the Superior Court denied the petition. (Resp't's Mot. to Dismiss at 4; Lodged Docs. 5 & 6)

However, respondent argues that petitioner is not entitled to tolling for the 170-day period between April 28, 2005, the date the Placer County Superior Court denied the petition and October 14, 2005, the date the petitioner filed his second petition with the California Court of Appeal.  (Resp't's Mot. to Dismiss at 4; Lodged Docs. 6 & 7.)  In this regard, respondent contends that the 170-day delay is unreasonable and unjustified, and therefore, petitioner is not entitled to the benefit of statutory tolling. (Resp't's Mot. to Dismiss at 5.)

Thus, according to respondent's calculation, 241 days expired before petitioner filed his first state habeas petition, and another 170 days elapsed between the Placer County Superior Court's denial of his first petition and petitioner's filing of his second petition in the

California Court of Appeal, totaling 411 days of elapsed time. (Resp't's Mot. to Dismiss at 5.) Respondent contends that, with the benefit of tolling for petitioner's first petition, the statute of limitations expired on August 31, 2005. Since petitioner did not file his federal petition until February 16, 2007, he exceeded the one-year period allowed under § 2244(d) by more than 17 months. Accordingly, respondent concludes that petitioner exceeded the one-year period allowed under § 2244(d), and this action should be dismissed with prejudice. (Id. at 5.)

### PETITIONER'S OPPOSITION[2]

Petitioner argues that respondent erroneously relies on a timeliness procedure that is inadequate, insufficiently clear, not firmly established, and not consistently applied, and therefore, it cannot be used to justify barring federal review. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) Petitioner further argues that the state courts did not deny petitioner's habeas petitions as untimely. (Id. at 3, 8.) In addition, petitioner contends that the state never provided petitioner "notice" on how to avoid violating the state's timeliness rules. (Id.)

Petitioner contends that California's timeliness rule bars habeas petitions that are filed after a "substantial delay." (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.) However, petitioner emphasizes that there are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay. According to petitioner, the California Supreme Court's application of the timeliness rule has not provided clarity because that court often rejects cases without explanation, as it did in this case. (Id. at 3.)

Finally, in his hand-written opposition to the motion petitioner notes that the library at his prison was often closed, and inmates had limited access to it due to prison lock downs, prison staff meetings, training and scheduling irregularities. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 7-8.) Petitioner contends that the repeated closings of the prison law library

---

[2] Petitioner has filed an identical opposition to a pending motion to dismiss in his other habeas action before the court. See Haynes v. Carey, No. CIV S-06-2767 LKK DAD P.

4

delayed him in the filing of his state habeas petitions.[3]  For the foregoing reasons, petitioner concludes that respondent's motion to dismiss should be denied.  (Id. at 8.)

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  This statute of limitations applies to all federal habeas petitions filed after the AEDPA was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  The pending petition falls in this category.

The judgment of conviction was entered in petitioner's underlying case on April 3, 2001.  On appeal, the California Supreme Court denied review on May 12, 2004, and petitioner's judgment of conviction became final on August 10, 2004, upon expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court.  See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999).  Accordingly, the AEDPA statute of limitations began to run for petitioner on August 11, 2004.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  It expired one year later, on August 10, 2005, unless petitioner is entitled to the benefit of tolling.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no

---

[3] Respondent has not replied to petitioner's contentions in this regard.  Thus, the 170 day gap between the denial of the petition by the Placer County Superior Court and petitioner's filing of his petition in the California Court of Appeal is not unexplained delay in this case and should not serve as the basis for dismissal.  See Bui v. Hedgpeth, ___ F. Supp.2d ___, 2007 WL 2822149, *5 (C.D. Cal. Sept. 20, 2007) (83 day delay to conduct additional research and 158 day delay due to difficulties in obtaining photocopies tolled); Burke v. Campbell, No. CIV S-06-0459 FCD DAD P, 2006 WL3589510, *10-11 (E.D. Cal. Dec. 11, 2006).

case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of timeliness, the petition was presumed timely. The Supreme Court has now rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time. Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 852 (2006). Thus, when a state postconviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2). Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)). See also Carey, 536 U.S. at 226. However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his petitions within what California would consider a reasonable time. Chavis, 546 U.S. at ___, 126 S. Ct. at 852.

Here, petitioner filed his first state collateral challenge to his conviction on April 8, 2005. The AEDPA statute of limitations had run for 241 days at that time. Subsequently, petitioner filed two more state habeas petitions.[4] The California Court of Appeal and the California Supreme Court summarily denied those petitions. If petitioner filed his petition with the California Court of Appeal within a reasonable time after the denial of his petition by the Superior Court, then the statute of limitations under § 2242(d)(2) was tolled continuously from

---

[4] Respondent does not argue that petitioner's state habeas petitions were improperly filed. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (a properly filed state application complies with the applicable laws and rules governing filings).

the date petitioner filed his first state habeas petition through the date the California Supreme Court denied his third state habeas petition, rendering petitioner's federal habeas petition timely. Each of the denials by the state appellate courts were by unexplained order, i.e., "an order whose text or accompanying opinion does not disclose the reason for the judgment." Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991). When confronted with a state court's unexplained order, the federal court applies the following presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Id. at 803. See also Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). In applying the look-through presumption, unexplained orders are given no effect. Ylst v. Nunnemaker, 501 U.S. at 804.

The Placer County Superior Court issued an order, rejecting petitioner's habeas claims. This court has "looked through" the California Supreme Court and the California Court of Appeal's unexplained orders to the Superior Court's order to determine whether the state courts found the initial petition to be untimely as a matter of state law. On April 28, 2005, the Superior Court rejected petitioner's claims on the ground that petitioner failed to present sufficient grounds for relief. Thus, the Superior Court did not find the first petition to be untimely under state law. Rather, in denying that petition the court addressed the merits, addressing each of petitioner's claims in turn. (See Docs. Lodged by Resp't Aug. 3, 2007, Doc. 6.)

As noted above, given the clear indication that petitioner's state habeas petitions were not denied as untimely, this court is now nonetheless charged with the duty of independently determining whether petitioner filed his petitions within what California courts would find a reasonable time had they chosen to consider the issue.[5] The Supreme Court's

---

[5] In what can fairly be characterized as a profound understatement, the Supreme Court recognized that "[g]iven the uncertain scope of California's 'reasonable time' standard, it may not be easy for the [lower federal courts] to decide in each such case whether the petitioner's state-court review petition was timely." Chavis, 546 U.S. at ___, 126 S. Ct. at 852. In Bonner v. Carey the

acknowledgment that such a determination may be difficult (Evans, 126 S. Ct. at 852) is well supported.  As the Ninth Circuit recently noted:

> California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. Clark, 21 Cal. Rptr. 2d 509, 855 P.2d at 738, 750-51. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.
>
> \*\*\*
>
> Clark did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases.  Furthermore, the Clark exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006).

In light of these ambiguous standards with respect to timeliness under California law, inconsistent application among California courts is not surprising. Id.  Thus, in an earlier Ninth Circuit decision it was observed:

> For example, Morales asserts that at the time his case was litigated in the district court, the California Supreme Court had denied 35 habeas petitions filed three years or more after affirmance on direct appeal, and more than half of those denials had not been on grounds of untimeliness. Only 6 cases had been denied on untimeliness alone.  The State does not dispute these figures[.]

---

Ninth Circuit noted that it was ironic that the complicated procedure necessitated under the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005) derives from the AEDPA, a statute purportedly designed to streamline and simplify the complicated habeas process.  425 F.3d 1145, 1149 n.20 (9th Cir. 2005). As this court has noted before, the same observation is applicable to the case-by-case analysis that federal courts in California must now engage in under Evans v. Chavis to determine whether state habeas petitions were filed within what California courts would have deemed to be a "reasonable time" had they elected to consider the issue.  See Thomas v. Scribner, No. CIV S-04-0733 MCE DAD P, 2006 WL 2711667, \*6, n.14 (E.D. Cal. Sept. 21, 2006).  All the while it becomes more and more clear that the most simple and streamlined procedure to address the vast majority of federal habeas petitions would be to address the merits.  Indeed, in the undersigned's experience, that is in fact what the California Court of Appeals and California Supreme Court elect to do in resolving the vast majority of state habeas petitions which come before those courts.

***

> It is theoretically possible, we suppose, to reconcile and explain all of the California Supreme Court decisions entertaining on the merits or rejecting as untimely petitions that are three or more years old. Those divergent decisions may indeed represent consistent exercises of discretion rather than random applications of or exceptions to the timeliness rule. But we have no way of knowing whether that is the case. The California Supreme Court's denials of habeas petitions that Morales relies upon were accomplished by brief minute entries in what has been described as "post-card denial." We can discern no apparent relationship between the time of delay and the findings concerning timeliness. Nor could Morales be expected to do so.

Morales v. Calderon, 85 F.3d 1387, 1391-92 (9th Cir. 1996). See also King, 464 F.3d at 966.

In considering whether California courts would have found the habeas petition at issue in this case untimely had they elected to consider the issue, it is also important to note that petitioner's case is not a capital case. California has been most concerned with the timeliness of habeas petitions in capital cases, providing a presumptive time period for timeliness applicable only to such cases. See Chavis, 546 U.S. at ___, 126 S. Ct. at 855 (Stevens, J., concurring) (quoting Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . .")). However, "California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most states." Chavis, 546 U.S. at ___, 126 S. Ct. at 855 (Stevens, J., concurring).

The undersigned recognizes that the United States Supreme Court found in Chavis an unexplained six-month gap between the filing of habeas petitions in California courts was unreasonable and therefore untimely, presumably, as a matter of California law. 546 U.S. at ___, 126 S. Ct. at 854. That conclusion was based, at least in part, on the notion that six months is longer than the thirty to sixty days allowed by most states for the filing of an appeal to their state supreme courts and longer than the ten days California provides for the filing of a notice of

1  appeal. Id. However, in attempting to predict what California courts would find reasonable, time
2  limits for the filing of notices of appeal under state law have little application. More important to
3  resolution of the pending motion to dismiss is the Supreme Court's holding in Saffold that the
4  four and a half month delay between the denial of the petitioner's habeas petition by the
5  California Court of Appeal and the filing of his habeas petition with the California Supreme
6  Court was not necessarily unreasonable and therefore did not necessarily render the petition to
7  the California Supreme Court untimely under California law for federal statute of limitations
8  purposes. See Saffold, 536 U.S. at 226; see also Chavis, 546 U.S. at ___, 126 S. Ct. at 859
9  (Stevens, J., concurring).

10  Here, petitioner's first state habeas petition was denied on April 28, 2005. On
11  October 14, 2005, petitioner submitted his second state habeas petition for filing with the
12  California Court of Appeal. Respondent does not argue that the petition was improperly filed but
13  contends that petitioner's delay of 170 days, approximately five and a half months, cannot be
14  considered reasonable under California law. This court cannot conclude that the California
15  courts, had they considered the issue, would have concluded that petitioner's second habeas
16  petition filed with the California Court of Appeal was not filed within a "reasonable time" under
17  the circumstances of this case which include petitioner's explanation for the delay. Cf. e.g.,
18  Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (concluding that unexplained delays of
19  18, 15, and 10 months between habeas filings are unreasonable and could not be subject to
20  interval tolling).[6]

---

[6] Not surprising in light of the uncertain scope of California's 'reasonable time' standard, no consensus has emerged among district courts in California as to the length of delay which is unreasonable in the wake of the decision in Chavis. Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day intervals between decision and filing of the next petition not unreasonable); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of next petition not unreasonable); Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235 day delay in proceeding

Having determined that any delay in pursuing state habeas relief in this case cannot be said to have been unreasonable under state law, the undersigned finds that petitioner is entitled to statutory tolling for the entire time his habeas petitions were pending in the state courts, including the intervals discussed above. Statutory tolling renders the federal petition timely. Respondent's motion to dismiss should therefore be denied.

**OTHER MATTERS**

Respondent has informed the court that D.K. Sisto is the current Warden of California State Prison Solano, not Thomas L. Carey. Respondent requests that the court substitute D.K. Sisto as respondent in this action. Good cause appearing, the court will grant respondent's request.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's request to substitute D.K. Sisto, Warden of California State Prison Solano, for Thomas L. Carey, is granted; and

2. The Clerk is directed to amend the court's docket accordingly.

IT IS HEREBY RECOMMENDED that respondent's July 18, 2007 motion to dismiss the petition as barred by the statute of limitations be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply

---

between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable).

1  to objections shall be served and filed within ten days after service of the objections.  The parties
2  are advised that failure to file objections within the specified time may, under certain
3  circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
4  F.2d 1153 (9th Cir. 1991).
5  DATED: October 16, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hayn0484.157